UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WILLIE E WALDON | CIVIL ACTION NO. 20-cv-1307 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| TYRA BREWER, ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

Willie E. Waldon ("Plaintiff"), who is self-represented, filed this civil action for damages arising out of an automobile accident. He named as defendants Tyra Brewer ("Brewer"), Renee Dominique ("Dominique"), Geico Casualty Co. ("Geico Casualty"), and Geico Insurance Agency, Inc ("Geico Insurance").

### Relevant Facts

Plaintiff alleges that he was walking down Hearne Avenue in Shreveport when he was struck by a vehicle driven by Brewer. He alleges that the vehicle was covered by an insurance policy issued by Geico Casualty to Dominique. Plaintiff contends that, as a result of the accident, he suffered injuries to his head, face, leg, arm, ribs, back, and toes, which have required extensive medical treatment.

### Analysis

#### A. Introduction

Plaintiff has filed a Motion to Proceed in Forma Pauperis in this action. Doc. 2. This court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss

them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).[1]

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994). "They possess only that power authorized by Constitution and statute." Id. There is a presumption that a suit lies outside that limited jurisdiction. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing grounds for jurisdiction rests on the party who seeks the federal forum. Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530, 537 (5th Cir. 2017).

The only potential grounds on which a federal court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331. A review of the record indicates that neither of those grounds for jurisdiction exists in this case.

---

[1] Even if the plaintiff is not proceeding IFP, a district court may dismiss an action on its own motion as long as the procedure employed is fair. The procedure employed here is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018), citing Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998).

**B. Diversity Jurisdiction**

Plaintiff filed the suit based on an assertion of diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 requires complete diversity of citizenship. That means that the citizenship of each defendant must be diverse from that of each plaintiff. A federal court cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as any defendant. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).

Plaintiff alleges that he is an "adult citizen of the State of Louisiana." He alleges that defendants Brewer and Dominique are also both citizens of Louisiana. His complaint describes both Geico Casualty and Geico Insurance as foreign insurance companies.

The court may not exercise diversity jurisdiction because Plaintiff and defendants Brewer and Dominique are all citizens of Louisiana. Regardless of the citizenship of either of the Geico defendants, the apparent Louisiana citizenship of both Plaintiff and defendants Brewer and Dominique destroys the potential for diversity jurisdiction.

**C. Federal Question**

Another common basis for jurisdiction in civil cases is federal question jurisdiction pursuant to 28 U.S.C. § 1331. The well-pleaded complaint rule determines whether a federal claim is presented in the complaint sufficient to give rise to subject-matter jurisdiction. The rule requires the complaint to set forth a federally created right or require resolution of a substantial question of federal law. Chuska Energy Co. v. Mobil Exploration & Producing North America, Inc., 854 F.2d 727, 730 (5th Cir. 1988). There is no federal jurisdiction if the plaintiff pleads only state law causes of action. Gutierrez v. Flores, 543 F.3d 248, 252 (5th Cir. 2008).

Plaintiff does not specifically invoke a federal claim in his complaint, and the court sees no basis for federal question jurisdiction in this state-law tort action between private citizens. It appears that all of Plaintiff's claims would fall under state law theories of intentional tort or negligence.

**Conclusion**

Plaintiff has not set forth a factual basis for the court to exercise diversity jurisdiction, and he has not asserted a federal claim that would support the exercise of federal question jurisdiction. It is possible that he has asserted state law claims against his fellow Louisiana citizen, but "generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." Guiterrez, 543 F.3d at 252, quoting Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008). There may be a proper court or forum for Plaintiff to seek relief on state law claims, but this federal court is not it. His complaint should then be dismissed without prejudice for lack of subject-matter jurisdiction.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of October, 2020.

Mark L. Hornsby
U.S. Magistrate Judge